IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 00-30029-01-GPM |
| FREDDIE TILMON, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Freddie Tilmon is serving a 262 month sentence which was imposed by this Court on November 6, 2000 (*see* Doc. 46). On February 25, 2008, Tilmon filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582 (Doc. 79); he filed an amended motion on June 18, 2008 (Doc. 83). The Court appointed counsel to represent Tilmon, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 85). *See Anders v. California*, 386 U.S. 738, 744 (1967). In response to counsel's motion to withdraw, Tilmon filed a motion seeking the appointment of new counsel (Doc. 86) and a response in opposition to counsel's motion (Doc. 87).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that

any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Tilmon is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Tilmon, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court has confirmed the representations in counsel's motion to withdraw and agrees that Tilmon is not entitled to a reduction in sentence for the reasons just mentioned. It would serve no purpose to appoint another lawyer to represent Tilmon on this issue. And the Court is simply not

authorized to revisit his sentence entirely as Tilmon urges.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 85), and **DISMISSES** the motions for a sentence reduction (Docs. 79, 83) for lack of jurisdiction, and **DENIES** the motion to appoint counsel (Doc. 86).

**IT IS SO ORDERED.**

DATED: 6/16/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge